IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-10711
Summary Calendar
_____


PRINCE JOHNSON, ET AL.,

Plaintiffs-Appellants,

versus

CITY OF DALLAS, ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:94-CV-991-X)
_____

January 15, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

In this case, we are called upon to address yet again a complaint regarding a Dallas, Texas ordinance barring sleeping in public places. We remand the case to the district court because we are concerned that the district court may have dismissed the case pursuant to a mandamus order that we subsequently modified. Our decision is entirely procedural in nature and therefore requires a description of the procedural posture of this case.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In May of 1994, the plaintiffs filed a complaint alleging that a Dallas ordinance violated the plaintiffs' Eighth and Fourteenth Amendment rights. The plaintiffs moved for a temporary restraining order and a preliminary injunction. The district court ultimately granted the preliminary injunction, holding that the plaintiffs were likely to succeed on their Eighth Amendment claim, but rejecting their Fourteenth Amendment claims based on the equal protection and due process clauses of that amendment. Johnson v. City of Dallas, 860 F.Supp. 344 (N.D. Tex. 1994). Dallas appealed the preliminary injunction to this court. We reversed the district court, holding that the plaintiffs lacked standing to pursue an Eighth Amendment claim. We remanded the case with instructions to dismiss the Eighth Amendment challenge for lack of standing. Johnson v. City of Dallas, 61 F.3d 442 (5th Cir. 1995).

The district court, however, did not dismiss the Eighth Amendment claim. A year later, Dallas moved for summary judgment on the basis of our opinion. The district court denied the motion, concluding that there was evidence on the record that the plaintiffs did have standing. Dallas then filed a petition for writ of mandamus seeking enforcement of our earlier order. On May 13, 1998, we ordered that the petition for writ of mandamus would be granted if the district court failed to dismiss the action within ten days of the order. The next day, May 14, the district court, pursuant to our order, dismissed the entire case with prejudice. Now we come to yet another unusual procedural twist in

this case. On July 7, 1998, some two months after the district court dismissed the case in its entirety, in response to the plaintiffs' motion for reconsideration, we issued an order clarifying our initial order. We noted that the original panel decision was related only to the Eighth Amendment claim and that the district court should take such action as it deemed appropriate with respect to any other causes of action. The district court has taken no further action in this case since its May 14, 1998 order of dismissal.

The plaintiffs now appeal the district court's dismissal. The plaintiffs raise two issues on appeal. First, they argue that the district court erred when it dismissed the Eighth Amendment claim for lack of standing. We do not address this argument as we have resolved this issue twice before--once in our original opinion and once again in our mandamus order of May 13, 1998.

The plaintiffs also argue that because the summary judgment ruling is based on our May mandamus order, the district court erred when it dismissed the entire case pursuant to that order instead of dismissing solely the Eighth Amendment claim. As we explained in our July order, the May order was intended to instruct the district court to dismiss only the Eighth Amendment claim in this case. In our July order, we acknowledged that the May order could have been construed to require dismissal of the entire case.

The district court's order dismissing the case reads as follows: "Pursuant to the ruling of the U.S. Court of Appeals for

3

the Fifth Circuit on August 23, 1995, this case is hereby DISMISSED with prejudice in its entirety." From the language of this order, we cannot ascertain whether the district court dismissed the case solely on the basis of our opinion or dismissed the Eighth Amendment claims pursuant to our order and independently concluded that the remaining claims lacked merit and should also be dismissed. If the district court dismissed the entire case solely pursuant to our opinion, then the district court did err, as our opinion only addressed the Eighth Amendment claim.

The district court's ruling on the preliminary injunction motion indicates that the district court was, at the least, skeptical of the non-Eighth Amendment claims. However, because the burden for obtaining a preliminary injunction differs from that of responding to a motion to dismiss, the district court's ruling on the preliminary injunction motion did not conclusively resolve the non-Eighth Amendment claims in this case. We voice no opinion today regarding the merits of the remaining claims. We merely note that, as we have not ruled on these claims, the district court must reach its own conclusions about whether these claims should survive a motion to dismiss.

We therefore VACATE the district court's summary judgment ruling with respect to the non-Eighth Amendment claims and REMAND to the district court for further proceedings consistent with this opinion.

                                        VACATED in part and REMANDED.

4